## ARCHIBALD O. AMEDON, Respondent v. WILLIAM P. GANNON, Appellant.

*Agreement not to practice as physician — damages — when liquidated — " locate," meaning of.*

Defendant agreed with the plaintiff not to practice medicine in the town of Ticonderoga for ten years, the contract providing that he should, if required by the plaintiff, execute a bond, in the penalty of $5,000, conditioned that he should not practice, as aforesaid. No such bond was ever given by the defendant, or required by the plaintiff. In an action by the latter to recover damages for a breach of the agreement, he claimed to recover the penalty of the bond as liquidated damages. *Held,* that, as the bond was only to be given if required by the plaintiff, and as he never did demand the same, it could not be assumed by the court that the rights of the parties were the same, as if it had been required and given.

To constitute a breach of an agreement by a person " not to locate in a certain town to practice as a physician and surgeon," it is not sufficient, certainly in the absence of admitted fraudulent evasion, to justify the court in directing a verdict against him, to show that he has practiced therein, but it must also be shown that he has been located there.

Appeal from a judgment in favor of the plaintiff, entered upon the verdict of a jury, for $5,000.

This action was brought July 19th, 1873, to recover $5,000 as liquidated damages, and also for damages generally, for the breach of two certain agreements not to practice as a physician and surgeon in the town of Ticonderoga, in this State; one executed by the parties November 18th, 1868, and the other executed by the defendant November 28th, 1868.

By the terms of the first agreement, November 18th, 1868, the defendant sells to the plaintiff a house and lot in Ticonderoga, and " the good will which may pertain to him as a physician in Ticonderoga aforesaid, and covenants and agrees that he will not enter into practice, nor practice medicine within the said town of Ticonderoga for the next ten years." The purchase was to be completed on or before the first of December then ensuing; and the defendant further agreed, " if required by said Amedon on the completion of this contract by delivery of papers above specified, the said Gannon will execute and deliver to said Amedon a bond, in the penalty of $5,000, conditioned that he will not practice medicine in said town of Ticonderoga during the next ten years."

By the second agreement, November 28th, 1868, the defendant, in consideration of the purchase of this house and lot and good will, and of one dollar, covenants and agrees " that I will not at any time, within the ten years next after the date hereof, locate in said town to practice as a physician and surgeon, or as either of them, at any place or places within said town of Ticonderoga, and in case of a violation of this agreement on my part, or any part thereof, I hereby covenant and agree to pay to said Amedon the sum of $5,000 as liquidated damages, and not a penalty." Both agreements were under seal.

*Waldo, Tobey & Grover*, for the appellant.

*Richard L. Hand*, for the respondent.

LEARNED, P. J.:

The contract of November eighteenth contains a clause to the effect that the defendant shall not, for ten years, practice medicine in the town of Ticonderoga. Nothing has been said, in the argument of this case, which leads us to think that this clause is not in

force. It might probably be enforced by injunction. But no injunction was granted in the court below, and therefore that question is not before us.

The same contract contains another clause, to the effect that the defendant, if required by the plaintiff, on the completion of the contract, shall give a bond in the penalty of $5,000, conditioned that he will not practice medicine in that town for ten years. The plaintiff insists, as one ground of recovery, that, taking this whole contract together, this sum of $5,000 is to be taken as liquidated damages, and also that the defendant, without the execution of any bond, would be liable therefor, upon a breach of his agreement.

We do not think that this is a sound construction. Admitting even that the word "penalty" may sometimes be taken to mean liquidated damages, still there was no positive agreement imposing such damages. The contract of November eighteenth provided for a further instrument *if it should be required.* Plainly, therefore, it depended on the plaintiff to require it or not. And the parties could not have intended that, if the plaintiff did not require it, the court should require it for him, and should assume that the rights of the parties were just the same, as they would have been if such an instrument had been executed.

The sealed instrument of November twenty-eighth was undoubtedly intended and accepted by the parties as a fulfillment of the clause, providing for the execution of a bond.

It is substantially what the parties contracted for. Their rights, therefore, must depend on the sealed instrument of November twenty-eighth, and upon the clause in the contract of November eighteenth, first above mentioned. So far as the verdict in this case is concerned, it must depend for its validity on the sealed instrument of November twenty-eighth.

This bound the defendant in the sum of $5,000, as liquidated damages, not " to locate in said town to practice as a physician and surgeon." Upon the trial it was not denied that the defendant had practiced in that town, without the plaintiff's consent, at certain times since the execution of the agreement. But the defense claimed that he had not *located* there.

It was in proof that he resided at Hague, some ten miles distant. There was some evidence that his horse and wagon were, at times,

kept in Ticonderoga over night. That he, himself, sometimes stayed there over night. There was some disputed evidence, whether, or not, he kept a slate to receive orders, at a druggist's. The defendant offered, among other things, to prove that he practiced in Ticonderoga, only as he practiced in other adjoining towns, going there when called, and, when there on such calls, receiving other calls for his services; that he had no business location there, other than that, made by the mere fact of coming personally to practice to meet specific cases.

The court refused to allow this proof, and directed a verdict for $5,000.

If mere "practicing," without "locating," were a breach of the sealed instrument of November twenty-eighth, then the verdict was properly directed. But we think that it cannot be held that mere practicing was a breach of that instrument. There must have been a "locating."

The question then is, whether the facts proved were such con clusive evidence of "*locating*," that the evidence offered by the defendant would be immaterial. We think not. If the act of the defendant were claimed to be a fraudulent evasion of the instrument, that would present a question for the jury. Perhaps there might be, in some cases, such fraudulent evasion. For instance, if the defendant had taken up his residence and established his office immediately beyond the town limits, and had done the principal part of his professional business in the town, this might be sufficient to authorize the jury, under proper instructions, to find a fraudulent evasion and a practical breach. But that case does not exist, at least not as a matter of law.

Whether, apart from fraud, certain acts might show a "locating" as a question of law, or whether it would be a question of fact, we need not decide. It is enough that we think, that the evidence which was offered was important in determining, whether or not the defendant had in fact "located to practice" in Ticonderoga. The mode of his attending patients and the place of his office, and many other circumstances were immaterial.

The court below seems to have rested the direction for a verdict, on the mere fact of practicing in Ticonderoga. We think, that to recover these liquidated damages, it was necessary to prove a

"*locating*" to practice, and that, on this point, the testimony which was excluded, should have been received.

There must be a new trial, costs to abide the event.

BOCKES, J.:

The complaint is based on both instruments, the one of November eighteenth, the other of November twenty-eighth following. By the former the defendant bound himself not to "enter into practice, nor practice medicine within the town of Ticonderoga for the next ten years;" and, further, to execute and deliver to the plaintiff, on request, a bond in the penalty of $5,000, conditioned that he would not practice medicine in that town during that period. The second was executed and delivered to answer the requirements of this last provision, but was so modified in its terms, that it bound the defendant not to "locate" in said town to practice as a physician or surgeon within the period of ten years from its date, followed by a covenant to pay the plaintiff $5,000, as liquidated damages, for its violation.

The covenant not to practice medicine, contained in the first instrument, was not merged in the second, which bound the defendant not to "locate" in that town. The latter did not satisfy the former. Both may stand. Under the former the defendant might be enjoined and damages be recovered in case of its violation ; and under this covenant it would matter not where he should *locate*. The breach would be complete in case he should practice medicine within the town. The breach of the latter would result from *locating* in the town to practice as a physician or surgeon ; and for such breach damages were liquidated at $5,000.

In this case there was an undoubted breach of the former covenant established by the proof. The defendant had admittedly practiced medicine within the town. Resting here, the plaintiff could have had an injunction against the defendant, to prevent him from continuing such practice against his covenant, and also would have been entitled to recover such damages as he had actually sustained by reason of the breach, to be established by proof.

But the recovery in this case was for a breach of the second agreement — not to "locate" in the town to practice as a physician or surgeon. The learned judge at the Circuit held, that the proof

showed a breach in this regard, and directed a verdict for the plaintiff. This direction, we think, was erroneous. There was no evidence so direct and unequivocal in the case as to warrant this ruling as matter of law. True, the defendant had practiced medicine in the town of Ticonderoga; and there was evidence showing that he was frequently in that town, accepting and perhaps soliciting employment in his profession; but he had no office in the town, and with his family resided in another town, where he kept his office. So, it might well be claimed that he was *located* in the latter town, and not in the former, within the fair meaning and intent of the covenant. In this view of the case a question was raised for the jury, on the proof, if, indeed, there was sufficient evidence to authorize a jury to find against him on that issue.

And let it be further claimed, as it here is, that his taking up a residence and keeping an office in the adjoining town was sinister and fraudulent as regards the plaintiff's rights under the instrument, in view of the course pursued by him in his practice, and then it would be very manifestly a question for the jury, whether his professional engagements in the town of Ticonderoga amounted to a practical location in that town, constituting a breach of the covenant.

As the case is now presented to the court, on the proof, it might well be insisted before the jury, that in no just sense is a breach of the second instrument established against the defendant. In this connection too, and having reference to the exceptions taken in the case, relating to the evidence offered, it should be remarked that the defendant's professional engagements in other towns, indeed his entire course of practice, became proper subjects of inquiry. These conclusions render a new trial necessary.

We do not intend here to hold that the plaintiff, even on proving a breach of the covenant contained in each instrument, may enforce both ; for it may be that he can claim relief under one only. This question is not now before the court, and is one of too much importance to be considered, except after full argument in a case requiring its decision.

Judgment reversed, new trial granted, costs to abide the event.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Ordered accordingly.